CASE 0:12-cv-01098-RHK-JSM   Document 41   Filed 11/13/12   Page 1 of 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

George H. Kalberer,

        Plaintiff,                     Civ. No. 12-1098 (RHK/JSM)

                                            **ORDER**

v.

Teamsters Local 120,

        Defendant.

---

This matter is before the Court on the parties' cross-Motions for Summary Judgment (Doc. Nos. 21, 28).  For the reasons that follow, Plaintiff's Motion will be denied and Defendant's Motion will be granted.

Plaintiff alleges in this action that Defendant, his former union, discriminated against him on account of his age and breached its duty of fair representation when representing him in a grievance against his former employer, the Star Tribune newspaper. (See Doc. No. 1 Ex. A; Slawson Aff. Ex. 4.)  He raised these allegations in a charge of discrimination filed with the EEOC on August 8, 2011.  (Slawson Aff. Ex. 4.)  The EEOC dismissed the charge and issued Plaintiff a "right to sue" letter on December 9, 2011. (Id.)

Plaintiff commenced this action on April 9, 2012, in the Anoka County, Minnesota Conciliation Court (Doc. No. 1 Ex. A), and Defendant promptly removed it to this Court.

Defendant now moves summary judgment, arguing that Plaintiff's claims are untimely. The Court agrees.[1]

A claim for breach of the duty of fair representation is "governed by [a] six-month statute of limitations," which begins to run "when the employee 'should reasonably have known of the union's alleged breach.'" Scott v. United Auto., 242 F.3d 837, 839 (8th Cir. 2001) (quoting Evans v. Nw. Airlines, Inc., 29 F.3d 438, 441 (8th Cir. 1994)). There can be no dispute that Plaintiff was aware of Defendant's alleged breach on August 8, 2011, the date he filed his EEOC charge alleging that Defendant had failed to adequately represent him. (Slawson Aff. Ex. 4.) Yet, he did not commence this action until April 9, 2012, more than 6 months later. The claim, therefore, is untimely.

The same fate befalls Plaintiff's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* As the Court previously noted when dismissing Plaintiff's related action (Civ. No. 12-814), an individual asserting an ADEA violation must file a charge of discrimination with the EEOC "within 300 days after the alleged unlawful practice occurred," 29 U.S.C. § 626(d)(1)(B), and "a claim is time-barred if it is not filed within [this] time limit[]." Wilson v. Brinker Int'l, Inc., 382 F.3d 765, 769 (8th Cir. 2004) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Here, Plaintiff asserts that he was discharged on account of his age (see Doc. No. 35 at 1), but by his own admission that occurred in April 2010. Because he did not

---

[1] As Plaintiff's claims are untimely, the Court need not (and does not) reach his cross-Motion for Summary Judgment.

file his EEOC charge until August 2011, his ADEA claim also is untimely.

Notably, Plaintiff appears to recognize that his claims are dilatory.  Indeed, he asserts that his claims would be timely only "*if filed under the RICO act which is best suited to this action.*" (Doc. No. 35 at 1 (emphasis added).)  But there is no RICO[2] claim asserted in the Complaint, and Plaintiff's Motion seeking leave to add such a claim was denied by Magistrate Judge Mayeron (see Doc. No. 17), a decision that Plaintiff has not challenged.  Moreover, Plaintiff asks the Court to apply the doctrines of equitable tolling and equitable estoppel, thereby implicitly acknowledging that his claims are untimely (which is why he needs equitable principles to save them).  But for the reasons stated by the Court in the related case, equitable tolling and equitable estoppel simply cannot apply here.  (See Civ. No. 12-814, Doc. No. 46 at 7-8.)

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 28) is **GRANTED**, Plaintiff's Motion for Summary Judgment and Injunctive Relief (Doc. No. 21) is **DENIED AS MOOT**, and Plaintiff's Complaint (Doc. No. 1, Ex. A) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 13, 2012						s/Richard H. Kyle
								RICHARD H. KYLE
								United States District Judge

---

[2] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*