**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

George H. Kalberer,                                              Civil No. 12-1098 (RHK/JSM)

      Plaintiff-Appellant,                              **MEMORANDUM AND ORDER**

v.

Teamsters Local 120,

      Defendant-Appellee.

---

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis ("IFP") on appeal. (Doc. Nos. 44 and 47.[1]) Plaintiff is attempting to appeal the judgment entered on November 14, 2012, that caused this action to be dismissed. (Doc. No. 42.)

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). An appeal is not taken in good faith if the claims to be raised on appeal are factually or legally frivolous. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[1] Plaintiff's initial IFP application, (Doc. No. 44), was missing a page, so Plaintiff filed a supplemental IFP application, (Doc. No. 47), that includes the previously missing page.

In this case, Plaintiff's IFP application indicates that he is not currently employed. He has been receiving some form of retirement and unemployment benefits, but the total amount of those benefits is not substantial, (and it appears that the unemployment benefits may have recently terminated). The IFP application also indicates that Plaintiff has no assets that could be used to pay the filing fee and costs for his appeal. Based on the information furnished in Plaintiff's IFP application, the Court finds that he is financially eligible for IFP status.

Although the Court remains fully satisfied that this action was properly dismissed, Plaintiff's appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. §1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis on appeal (Doc. Nos. 44 and 47) is **GRANTED.**

Dated: February 12, 2013

                                                  s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge